IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMMY CARVER                          )
                                      )
v.                                    ) NO. 3-13-1380
                                      ) JUDGE CAMPBELL
NASHVILLE WIRE PRODUCTS               )


MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 12).

For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff Carver is a former employee of Defendant Nashville Wire Products. Plaintiff began

work for Defendant in 1983.  In July of 2012, Plaintiff suffered a stroke which caused permanent

partial depth perception in his right eye and weakness in his left arm.  At the time of his stroke,

Plaintiff was working as a Set Up Maker[1] for Defendant.

Plaintiff requested and received leave to recover from his stroke.  As part of his request,

Plaintiff submitted statements from his doctors which restricted him from performing work requiring

depth perception and from working around power presses.  Even after nine weeks of physical

therapy, Plaintiff was unable to return to his position as a Set Up Maker.  Pursuant to Defendant's

disability benefits policy, Plaintiff received short-term disability benefits for six months following

his stroke and then long-term disability benefits for one year following his six months of short-term

disability.  Defendant's Director of Human Resources stated that Defendant's long-term disability

---

[1]      As a Set Up Maker, Plaintiff was responsible for preparing and setting up a
variety of heavy production machines used in manufacturing and forming wire products,
including brake presses, power presses, and welders designed to bend, cut and shape large metal
sheets and wires.  Docket No. 13, ¶ 2.

benefits are provided to former employees who are no longer able to work for Defendant based on a qualified disability. Docket No. 11-4, ¶ 5. Defendant's policy requires that the former employee's employment be terminated prior to the employee becoming eligible for long-term benefits. *Id.*

Plaintiff claims that Defendant should have accommodated his restrictions and allowed him to continue to work in some capacity. Defendant has stated that it had no positions for which Plaintiff was qualified with his restrictions. Defendant asserts that at no time following his stroke did Plaintiff's doctors lift his restrictions or release him to return to work. Plaintiff alleges that his doctor provided a statement stating that Plaintiff could work "with reasonable accommodations."

Plaintiff contends that he is "disabled" within the meaning of the Americans with Disabilities Act ("ADA") and that Defendant has violated the ADA and Tennessee's Disability Act ("TDA") by firing him because of his disability. Plaintiff also asserts that Defendant retaliated against him for protected activity under Tennessee common law. Defendant has moved for summary judgment on all of Plaintiff's claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## AMERICANS WITH DISABILITIES ACT[2]

The ADA prohibits employment discrimination "against a qualified individual with a disability."[3] 42 U.S.C. § 12112(a). In order to establish a violation of the ADA, a person must establish that: (1) he has a disability, as defined in the ADA; (2) he is qualified to perform the essential functions of the position, with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Demyanovich Cadon Plating & Coatings, LLC*, 747 F.3d 419, 433 (6th Cir. 2014). The ADA bars discrimination "because of" an employee's disability, meaning that it prohibits discrimination that is a "but-for" cause of the adverse

---

[2]     A claim brought under the Tennessee Handicap Act is analyzed under the same principles as those utilized for the ADA. *Sasser v. Quebecor Printing (USA) Corp.*, 159 S.W.3d 579, 584 (Tenn. Ct. App. 2004)

[3]     "Qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

employment action.  *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 314 (6th Cir. 2012); *Molina-Parrales v. Shared Hospital Servs. Corp.*, 992 F.Supp.2d 841, 855 (M.D. Tenn. 2014).

If the plaintiff establishes this *prima facie* case, then the burden shifts to the defendant to offer a legitimate, nondiscriminatory reason for its adverse action. *Sjostrand v. Ohio State University*, 750 F.3d 596, 599 (6th Cir. 2014). If the defendant makes this showing, which is a burden of production, not persuasion, the plaintiff must then present evidence allowing a jury to find that the defendant's explanation is a pretext for unlawful discrimination.  *Id.*

A plaintiff may show pretext by demonstrating that (1) the proffered reason had no basis in fact, (2) the proffered reason did not actually motivate the discharge, or (3) the proffered reason was insufficient to motivate the discharge.  *Jones v. Potter*, 488 F.3d 397, 406 (6th Cir. 2007). The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against him remains at all times with the plaintiff.  *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 392 (6th Cir. 2008).

Defendant argues that, following his stroke, Plaintiff was no longer qualified for his position because of his restrictions.  Defendant contends that Plaintiff's doctors never cleared him to return to work and his employment was terminated at the end of his short-term disability benefits so that he could become eligible for long-term disability benefits pursuant to Defendant's policy. Defendant claims that to have allowed Plaintiff to return to his Set Up Maker position against his doctors' orders would have risked the safety of Plaintiff and of Defendant's other employees.

Plaintiff does not seem to dispute that he could no longer perform his job as a Set Up Maker; rather, Plaintiff contends that he could have done some type of work.  He argues that Defendant should have looked for any type of job Plaintiff could do.  He also argues that Defendant should

have placed him in a position without interviewing him and should have offered him any position that was open. Plaintiff claims that he asked for a reasonable accommodation from Defendant and stated that he could return to work with reasonable accommodations. Defendant's Director of Human Resources has stated, however, that "[a]fter reviewing the available positions, Nashville Wire determined that no position met Carver's restrictions allowing him to not use any depth perception and to not work around power presses." Docket No. 11-4, ¶ 7.

Plaintiff admits that his disabilities have not been alleviated. In addition, he states that he currently has short-term memory and motor skills disabilities as well. Yet he claims that Defendant should have allowed him to come back and try to work, to come back and "see if he was going to get better." Plaintiff admitted in his deposition that he did not apply for any positions with Defendant after his stroke. Docket No. 11-3, p. 43 (Plaintiff's Deposition, p. 120).[4]

Assuming that Plaintiff can establish a *prima facie* case of discrimination, the Court finds that Defendant has articulated a legitimate, nondiscriminatory reason for firing Plaintiff: he could no longer perform any jobs for Defendant. It is true that he was fired because of his disabilities in the sense that he could no longer perform the jobs because of his disabilities, but Defendant's reason was not discriminatory.

Therefore, Plaintiff must present evidence that Defendant's explanation is actually a pretext for unlawful discrimination. Plaintiff cites a few hearsay statements to support his pretext argument,

---

[4]     Plaintiff later testified that he requested an accommodation from Human Resources and that accommodation was to do his job as long as it was not around the power presses. Docket No. 12-1, p. 40 (Plaintiff's Deposition, pp. 151-52). Plaintiff did not identify what that job was.

but those statements cannot be considered on this Motion.  Plaintiff also avers that Defendant's policy concerning short-term and long-term disability was merely a pretext to fire him.

Plaintiff attempts to argue that Defendant had jobs that would have allowed Plaintiff to work by citing another employee who worked with a patch on one eye.  Plaintiff "believes" this employee is disabled because his depth perception is impaired.  Plaintiff says nothing about this employee's ability to be around power presses.  There is no admissible evidence before the Court that this employee had any medical restrictions or that he was receiving any ADA accommodation. Plaintiff has not identified any position with Defendant which would not require him to be around power presses.  He has not cited any admissible evidence concerning job descriptions or posted jobs for which he could work with his medical limitations.[5]

An employer has a duty under the ADA to consider transferring an employee who can no longer perform his old job.  However, this duty does not require employers to create new jobs or displace existing employees from their positions in order to accommodate the disabled individual. *Cochran v. City of Germantown*, 2014 WL 2694231 at * 12 (W.D. Tenn. June 13, 2014); *Burns v. Coca-Cola Enterprises, Inc.*, 222 F.3d 247, 257 (6th Cir. 2000).  Nor must an employer waive legitimate, nondiscriminatory employment policies to accommodate the disabled individual. *Cochran* at * 12.  The Sixth Circuit specifically held that an employer was not required to reassign the disabled employee to a position for which he was not otherwise qualified. *Burns*, 222 F.3d at 257. Moreover, the employer need only reassign a disabled employee to a *vacant* position. *Id.*

---

[5]     Plaintiff argues that Defendant should have placed him in a Quality Control Inspector position without interviewing him.  Defendant argues Plaintiff never applied for that position.  What is missing is admissible evidence that Plaintiff could have performed that job with his medical restrictions.

The Court finds that Plaintiff's firing was factually based and motivated by Plaintiff's inability to do the job and that Defendant had a sufficient reason to terminate his employment. The Defendant was not required to overrule Plaintiff's doctors or create a new job for Plaintiff.

For these reasons, the Court finds that Defendant's Motion for Summary Judgment on Plaintiff's ADA and THA discrimination claims should be granted, and those claims should be dismissed.

COMMON LAW RETALIATION[6]

Plaintiff's Complaint alleges that Defendant's conduct was in retaliation for his requests for accommodation, which Plaintiff claims constitutes common law retaliation for protected activity. Claims for reasonable accommodation are covered by the ADA, not the TDA[7] or Tennessee common law. If neither Tennessee common law nor Tennessee statutory law requires an employer to provide reasonable accommodation for a disability, then Plaintiff's requests for reasonable accommodation are not "protected activity." *Burress v. City of Franklin, TN*, 809 F.Supp.2d 795, 818 (M.D. Tenn. 2011); *Lovell v. Champion Car Wash, LLC*, 969 F.Supp.2d 945, 954, n.8 (M.D. Tenn. 2013).

---

[6] To show retaliation under Tennessee common law, Plaintiff would have to demonstrate (1) that an employment-at-will relationship existed; (2) that he was discharged; (3) that the reason for the discharge was that he attempted to exercise a statutory or constitutional right; and (4) that a substantial factor in the employer's decision to discharge him was his exercise of protected rights. *Gossett v. Tractor Supply Co., Inc.* 320 F.3d 777, 781 (Tenn. 2010).

[7] Unlike its federal counterpart (the ADA), the TDA does not impose a duty on employers to make reasonable accommodations to accommodate a disabled employee. *Jones v. Sharp Electronics Corp.*, 2014 WL 806131 (Tenn. Ct. App. Feb. 28, 2014) (citing *Bennett v. Nissan North America, Inc.*, 315 S.W.3d 832, 841-42 (Tenn. Ct. App. 2009)).

Plaintiff has not responded to Defendant's argument about his common law retaliation claim.[8] Therefore, the Court grants Defendant's Motion with regard to Plaintiff's common law retaliation claim, and that claim is dismissed.

CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 11) is GRANTED, and Plaintiff's claims are DISMISSED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[8]     Failure to file a timely response to a motion indicates there is no opposition to the motion.  Local Rule 7.01(b).